UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOAIZA, M.D.,<br><br>　　　　　Defendants.　　　　　／ | CV F   03 5321 OWW LJO P<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF (Doc. 41, 50.) |

　　Josh Thomas Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　On November 14, 2005, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Defendant alleges that Plaintiff has failed to exhaust his administrative remedies and submits the Declaration of Vince Adams which has attached to it numerous exhibits.  Defendant also argues that the Complaint fails to state a claim for relief.  On December 19, 2005, Plaintiff filed an Opposition to the Motion for Judgment on the Pleadings but erroneously titled it as a "Motion."

**A. Failure to State a Claim for Relief**

　　Defendants allege that Plaintiff fails to state a claim for relief and that the action should be dismissed.  (Motion for Judgment at 8.)   However, the Motion submitted was filed pursuant to Federal Rule of Civil Procedure 12(c), and not 12(b)(6), which is appropriate for Motions seeking dismissal for failing to state a claim for relief.

1

1      A Rule 12(b)(6) Motion tests the legal sufficiency of the claim or claims stated in the
2 Complaint. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v.
3 California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to
4 dismiss for failure to state a claim, the court must accept as true the allegations of the complaint
5 in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
6 pleading in the light most favorable to the party opposing the motion, and resolve all doubts in
7 the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869
8 (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307
9 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions,
10 with limited exceptions," none of which apply to section 1983 actions.  Swierkiewicz v. Sorema
11 N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must
12 contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."
13 Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the
14 plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

15      A court may dismiss a complaint only if it is clear that no relief could be granted under
16 any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and
17 summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of
18 unmeritorious claims."  Id. at 512.  "The issue is not whether a plaintiff will ultimately prevail
19 but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear
20 on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."
21 Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,
22 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
23 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,
24 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not
25 be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the
26 claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)
27 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log
28 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

1 	Under the Prison Litigation Reform Act ("PLRA") the Court has a statutory duty to
2 screen complaints in cases such as this and dismiss any claims that fail to state a claim upon
3 which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given the
4 requirements of the PLRA, the Court is disinclined to view with favor a subsequent motion to
5 dismiss for failure to state a claim.
6 	In the instant case, the Court conducted a preliminary screening of the case on March 23,
7 2003, and determined that Plaintiff stated a cognizable claim for relief against Defendant Loaiza.
8 The Order notes that the Complaint alleges Defendant reviewed three medical evaluations
9 indicating that Plaintiff was in medical need of a gastric by-pass surgery and that without such
10 surgery, he might die. The Complaint further alleges that Dr. Loaiza indicated to Plaintiff that he
11 was aware of the surgery but that it could not be performed because the state was broke. Under
12 the facts as alleged in the Complaint, the Court found that Plaintiff adequately stated a
13 cognizable Eighth Amendment Claim. (Doc. 3 at 4.)

**B. Motion for Judgment on the Pleadings - Rule 12(c)**

15 	Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are
16 closed, but within such time as not to delay the trial, any party may move for judgment on the
17 pleadings." Fed.R.Civ.P. 12(c). A Rule 12(c) motion challenges the legal sufficiency of the
18 opposing party's *pleadings*. Judgment on the pleadings is appropriate when, even if all material
19 facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of
20 law. Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436 (9th Cir. 1989). The
21 court must assume the truthfulness of the material facts alleged in the complaint. All inferences
22 reasonably drawn from these facts must be construed in favor of the responding party. General
23 Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church,
24 887 F.2d 228, 230 (9th Cir. 1989). If matters outside the pleadings are considered, the motion
25 shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(c). However, documents
26 submitted with the complaint may be considered as part of the complaint for purposes of a
27 motion for judgment on the pleadings. Hal Roach Studios, 896 F.2d at 1555. The court may
28 consider the full text of documents referred to in the complaint without converting the motion to

3

1 a motion for summary judgment, provided that the document is central to the plaintiff's claim
2 and no party questions the authenticity of the document. Branch v. Tunnell, 14 F.3d 449, 454
3 (9th Cir. 1994).

4     In the instant action, Defendant's Motion was filed pursuant to Rule 12(c) and refers to
5 numerous documents outside the pleadings. Thus, Defendant's characterization of the Motion as
6 a Motion for Judgment on the Pleadings is incorrect. As indicated above, if documents outside
7 the pleadings are submitted for consideration by the Court, the Motion is to be treated as a
8 Motion for Summary Judgment. However, the Ninth Circuit Court of Appeals has held that the
9 failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an
10 unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune,
11 315 F.3d 1108, 1119 (9th Cir. 2003) (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's
12 Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for
13 failure to exhaust administrative remedies, the court may look beyond the pleadings and decide
14 disputed issues of fact. Id.

15     The Ninth Circuit has further held that Section 1997e(a) of the Prison Litigation Reform
16 Act does not impose a pleading requirement, but rather, is an affirmative defense under which
17 defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune,
18 315 F.3d 1108, 1119 (9th Cir. 2003). In order to meet this burden, Defendants must show that
19 further administrative remedies are available to Plaintiff. Brown v. Valoff, -- F.3d--, 422 F.3d
20 926, 2005 WL 2129069, *7 (9th Cir.2005). The Ninth Circuit has also found exhaustion when a
21 prisoner has demonstrated that his grievance has been rejected as untimely and he could "go no
22 further in the prison's administrative system; no remedies remained available to him." Ngo v.
23 Woodford, 403 F.3d 620, 625 (9th Cir.2005).

24     As the instant Motion was improperly characterized as a Motion for Judgment on the
25 Pleadings under 12(c), Plaintiff was not afforded appropriate notice that he could oppose the
26 Motion with evidence outside the record.

27 C. **Recommendation**

28     Accordingly, the Court HERE BY RECOMMENDS that the Motion for Judgment on the

1  Pleadings be DENIED and Defendants be granted additional time following the resolution of
2  these Findings to file the appropriate Motion.
3        The Court HEREBY ORDERS that these Findings and Recommendations be submitted
4  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
5  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
6  District Court, Eastern District of California.  Within TWENTY  (20) days after being served
7  with a copy of these Findings and Recommendations, any party may file written Objections with
8  the Court and serve a copy on all parties.  Such a document should be captioned "Objections to
9  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
10 and filed within TEN (10) court days (plus three days if served by mail) after service of the
11 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
12 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
13 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
14 (9th Cir. 1991).
15 IT IS SO ORDERED.
16 **Dated:   February 10, 2006**          /s/ Lawrence J. O'Neill
   b9ed48                                 UNITED STATES MAGISTRATE JUDGE