# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS MILLER, | CV F   03 5321 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS ACTION |
| | (Doc. #55.) |
| LOAIZA, M.D., | |
| Defendants. | |

Josh Thomas Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Amended Complaint filed March 31, 2003, against Defendant Loiaza, M.D., for deliberate indifference to serious medical needs in violation of the Eighth Amendment.[1]  (Docs. 6, 8.)

On February 21, 2006, Defendant moved to dismiss the action on the grounds that Plaintiff failed to exhaust his administrative remedies. (Doc. 55.)  Plaintiff did not oppose the motion.

**A.  SUMMARY OF COMPLAINT**

---

[1] Defendant Adams was dismissed by the Court on July 23, 2003. (Doc. 8.)

1

In his Amended Complaint, Plaintiff alleges that several medical doctors had recommended that he receive a bypass surgery, however, Defendant Loaiza denied Plaintiff's request for the surgery on the grounds of budget constraints.  (Doc. 5.)

**B. EXHAUSTION**

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In order to meet this burden, Defendants must show that further administrative remedies are available to Plaintiff.

2

1  Brown v. Valoff, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005).  The Ninth
2  Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been
3  rejected as untimely and he could "go no further in the prison's administrative system; no
4  remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).

5        The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is
6  subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt,
7  315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,
8  368 (9th Cir. 1998) (*per curiam*)).  In deciding a motion to dismiss for failure to exhaust
9  administrative remedies, the court may look beyond the pleadings and decide disputed issues of
10 fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust
11 administrative remedies, the proper remedy is dismissal without prejudice.  Id.   The Ninth
12 Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire
13 action when a Section 1983 complaint contains both exhausted and unexhausted claims.  Lira v.
14 Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

15       In this case, Defendant argues that Plaintiff has failed to exhaust his administrative
16 remedies.  Defendant asserts that Plaintiff filed numerous inmate appeals concerning various
17 requests for accommodation but only one with regard to his request for gastric bypass surgery.  In
18 that appeal, Log No. SATF-B-03-00073, Plaintiff requested gastric bypass surgery because
19 various other doctors had recommended it for his condition.  (Exh. E, Motion to Dismiss
20 [hereinafter "Motion"]   Plaintiff appealed the denial of his request to the Director's level,
21 however, the appeal was not received until March 27, 2003, after Plaintiff initiated this action.
22 Grannis Decl., at ¶ 5; Exh. A, Grannis Decl.  The appeal was denied at the Director's level on
23 May 30, 2003, more than two months after he initiated suit in this action.  Id.  Defendants note
24 further that the inmate appeal concerning the gastric bypass request made no reference to
25 Defendant Loaiza.

26       As noted above, Plaintiff did not oppose the Motion.
27       Under the PLRA, an inmate is required to use the administrative process that the state
28 provides in order to exhaust his administrative remedies.  See Butler v. Adams, 397 F.3d 1181,

1183 (9th Cir.2005).  In preparing an administrative appeal, California regulations provide that "[t]he appellant shall use a CDC Form 602 (rev. 12-87), Inmate/Parolee Appeal Form, to describe the problem and action requested." <u>See</u> Cal.Code Regs. tit. 15, § 3084.2(a). The applicable CDC form does not require identification of any specific persons.   Plaintiff completed the requisite form and described his medical condition and the action requested.   In "[d]oing so, [Plaintiff] availed himself of the administrative process the state gave him. The PLRA does not require more." <u>Butler</u>, 397 F.3d at 1183.  Thus, Plaintiff cannot be faulted for purposes of exhaustion for not naming Defendant specifically in his inmate appeal.

A review of the documentation provided reveals that Defendant's are correct in their assertion that Plaintiff did not complete the administrative appeals process prior to initiating this lawsuit.  However, the Court finds Plaintiff's inmate appeal insufficient for the purpose of exhaustion on yet another ground, namely, that Plaintiff did not grieve the issue presented in this case.

The U.S. Supreme Court has held that Section 1997e(a) was "designed to reduce the quantity and improve the quality of prisoner suits, affords the corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." <u>Porter v. Nussle</u>, 534 U.S. 516, 517, 122 S.Ct. 983 (*citing* <u>Booth v. Churner</u>, 532 U.S. 731, 737, 121 S.Ct. 1819 (2001)).

Here, according to the Amended Complaint, Plaintiff's allegation is that his Eighth Amendment rights were violated because "Defendant Mr. Loaiza (MD) denied my request for a gastric bypass surgery on March 5, 2003; Defendant's reason for the denial was that the state is 'broke'." (Amended Complaint at 3.)   The inmate appeal filed by Plaintiff, however, only describes Plaintiff's physical condition, informs that three doctors recommended the surgery concludes that surgery is needed to reduce his pain.  Plaintiff then requests that he be "schedule[d] [] for gastric bypass surgery by a qualified surgeon, soon." (Exh. E, unnumbered

page 3.)² There is no indication that Plaintiff previously requested the surgery or that it had been denied by *anyone* at the institution at any time. Based on the evidence before the Court, the Court finds that the inmate appeal is insufficient to put the prison on notice of Plaintiff's Eighth Amendment claim and thus, it is unexhausted.

**C. RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Motion to Dismiss on the basis of Plaintiff's failure to exhaust his administrative remedies be GRANTED and the action be dismissed in its entirety. The Court will suspend discovery proceedings in this action pending resolution of these Findings by the District Court.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 19, 2006**                       /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES MAGISTRATE JUDGE

---

²Inmate/Parolee Appeal Form, Log No. 03-0073, dated December 28, 2002.